D. KALAKAUA, *et al. vs.* W. C. PARKE, Administrator of
Estate of C. Kanaina, *et al.*

APPEAL FROM McCULLY, J.

DECISION RENDERED AUGUST 17, 1878. NOT HITHERTO REPORTED.

HARRIS, C. J., JUDD AND McCULLY, JJ.

Under the "Act of 1874 to quiet title in lands claimed by inheritance,"
the court proceeded to determine who were the heirs at law of the late
Hon. Charles Kanaina, and decreed his estate to the heirs found, in
the proportions to which they were entitled.

OPINION OF THE COURT, BY JUDD, J.

The late Hon. Chas. Kanaina died intestate on the 13th
March 1877, leaving no widow, child or grandchild, parent,
brother or sister. His estate being administered upon by W. C.
Parke, Esq., Marshal, the petitioners applied to Mr. Justice
McCully under the Act of 1874, being an "Act to quiet title in
lands claimed by inheritance," for a decree establishing them-
selves as entitled to the estate as being the next of kin to the
deceased. Under the notices required to be given, nine sets of
claimants made their appearance, and evidence upon these
claims was taken at great length.

W. S. Pahukula's claim, as being the nephew of C. Kanaina
and thus excluding all others, was determined first by the lower
court, and upon appeal the judgment dismissing his claim was
affirmed. (*Ante,* page 620.)

Mr. Justice McCully came to a final judgment dismissing all
the claims in June last, and the following parties alone appealed
to the Full Court:

1. The petitioners, by Mr. Brown.
2. Haalilio, Haalelea and Kahuakaiola, by Mr. Dole.
3. Pahau, by Mr. Preston.
4. Kaaua, by Mr. Mahelona.

5.　Kekukahiko and others, by Holokahiki ; and

6.　Kilinahe, who appealed from the order ruling out his appearance as being too late.　The Full Court admitted Kilinahe as a party, the affidavits being satisfactory, and heard testimony upon his case and the additional testimony offered by the other appellants.

All parties agree that Eia (k) was the father and Kauwa (w) the mother of C. Kanaina, and that Kauwa's mother was Moana (w) and her father Nohomualani (k).

The petitioners, who are His Majesty and his two sisters, being the surviving children of the late High Chiefess, A. Keohokalole, claim that she was the daughter of Kamai (w), who was the daughter of Kahele (k), who was brother of Kauwa (w), the mother of Kanaina.

The petitioners offered no new testimonw to strengthen their case before this court, and we are of the opinion, having duly weighed and considered that taken in the court below, that they have failed to prove their case.

Kukahiko and others claim that Kauwa had a sister, Kaneikolia (w), who was also called "Kauwamakapaa" (w), and that she, by Kawaahoeole (k) had Nakoolaniohaka (w), who by Lonoaea (k) had Kaupae (w), Kaeakamahu (w), Kahonu (k), Kukahiko (k), and Kamakamohalia (k).　Mrs. Pamahoa Napoleon, aged about 45, the daughter of Kaupae (w) deceased, says that this genealogy was given her by her grandmother. This statement and the testimony of one more witness is all that is offered in addition in this court, and we find, on an examination of the testimony taken in the court below, that the essential fact that Kaneikolia (w) was the *sister* of Kauwa, the mother of Kanaina, is not proved, although there undoubtedly was a Kauwa there who had a sister of this name; and therefore dismiss this claim.

L. Haalelea (k), Kahuakaiola (k), and A. W. Haalilo claim that Moana, the grandmother of Kanaina, to whom their witnesses give the name of Haki (w), had by Keaweopala (k) one Keholo (k), who had by Piipii (w) Kanuha, the well known Deputy Governor of Hawai under Kuakini.　The facts thus far are sub-

stantiated by the books of genealogy of the family of the decedent, which are filed in this case.

It is further claimed and abundantly proved that this Keholo (k) had another woman with whom he consorted, Kamakaiwa by name, who was given him by his wife Piipii, and who was her *moopuna.*

This connection with Kamakaiwa was kept up by Keholo as he visited Puna on his collecting tours, during the lifetime of Piipii, and by her he had Namuo (w) and Kahuakaiola (k) who were recognized by Keholo as his children and by Kanuha as his sister and brother.

This Namuo (w) by Kanakaole (k) had issue the three claimants, Haalelea, Kahuakaiola 2d, and Haalilio.

Mr. Justice McCully was unwilling to hold that the offspring of such a union as Keholo's with Kamakaiwa (w) would take by descent from Keholo. The testimony was much strengthened on appeal by proofs of the recognition by Keholo of Kamakaiwa's children as his own, and by testimony of aged Hawaiians, that in ancient times it was common for a chief to have more than one wife, and there were no distinctions made in favor of the children of the first wife.

The times of which the witnesses speak were anterior to the introduction of Christianity into this Kingdom, before the Edict of Kaahumanu (1832), that a man should have but one wife and that the woman he continued to live with should be his wife. Then polygamy was common, and a chief had wives according to his fancy and his ability to support and maintain them. This being allowed by the customs of the Kingdom, and the fact of this connection being proven to have existed, it would not be right to deny to the descendants of such a union their claim of inheritance, as though what would be unlawful now was unlawful then. It is unquestioned that these claimants are the grandsons of Keholo (k), the brother of Kauwa (w), (Chas. Kanaina's mother), and we hold that they stand in an inheriting relation to the decedent, being children of his cousin Namuo.

40

As to claim of Kilinahe, the court was much impressed with his own testimony as to his genealogy, which he gave with the assurance and dignity characteristic of a Hawaiian chief. He says that Moana (w), by Nohomualani (k), had first a daughter, Kaleimanokahoowaha (w), and then Kauwa; that Kaleimano-kahoowaha (w) had by Kalaipuwaa (k) a daughter Maunaka-pu (w), who by Paihewa (k) had the claimant Kilinahe. He brought other witnesses to substantiate these facts, and although the witnesses who were examined before Judge McCully do not speak of this person Kaleimanokahoowaha as a sister of Kauwa, it must be remembered that Kilinahe was not then admitted as a claimant and no questions were addressed to them on this point, and the fact too that Kilinahe being the grandson of an older sister of Kauwa, and himself being near Kanaina's own age, would make it less likely that this genealogy would be known by many living witnesses. We are inclined to believe the testimony of Kilinahe thus supported, and find his claim to be proven.

Pahau's (w) claim has been conspicuous throughout and much testimony has been adduced for and against her, and we find that its weight preponderates in her favor. Her claim is that Eia, who was not a chief, the father of Kanaina, was the son of Kapalaoa (w) and Makakaualii (k); that this couple had children, Kanemano (k) 1st, Kaikailua (w), Eia (k) and Lihiole (w).

Kaikailua (w), by Keakaokalani (k), had Kanemano (k) 2nd, and he by Kepaalani (w) had Pahau (w), the claimant. This woman was born at Molokai, which island Naea had charge of and where Eia his father spent his last days.

Kaaua (k) also claims through the father of Kanaina. His genealogy is put forward as follows: That Lihiole (w), above mentioned as the sister of Eia (k), had, by Kalanihookoe (k), Eia (k) 2nd, named after his uncle, and he, by Kapuonohi (w), had Kaaua (k) the claimant, who was born at Kanaina's premises in Honolulu.

The claim of this man did not seem to be resisted very strongly before Judge McCully. On his being produced before

the court, he, though of feeble intellect, gave his own testimony as to his parentage, etc., very credibly.   Other witnesses gave his genealogy very clearly, and we find it to be proven to our satisfaction.   It appearing to the Court, both from his own appearance and statements and from the evidence of witnesses that he is incapable of caring for his property, the court appoints a guardian for him.

To summarize this matter, the Court decrees the estate of the late Chas. Kanaina as follows:   To L. Haalelea (k), Kahuakaiola (k), and A. W. Haalilio (k), one quarter; to Pahau (w), one quarter; to Kaaua (k), one quarter; and to Kilinahe (k), one quarter; but it having been suggested to the court that Kilinahe has died since the last hearing, his share will fall to his heirs at law.   A decree in conformity with the above will be signed in accordance with the provisions of the statute under which this proceeding is brought.